IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BOBBY GLYN ALLRED                                                                         PETITIONER

v.                                                                              No. 3:19CV12-MPM-DAS

VERLENA FLAGG, ET AL.                                                                    RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Bobby Glyn Allred for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Bobby Allred is currently in the custody of the Mississippi Department of Corrections (MDOC) and is housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted of three counts of sexual battery in the Circuit Court of Union County, Mississippi. Allred was sentenced to serve 25 years on each count in the custody of the MDOC. *See* Exhibit A; *see also* State Court Record (SCR), Vol. 1, p. 53. The trial court ordered that the sentences be served consecutively.

On August 16, 2005, the Mississippi Court of Appeals affirmed Allred's convictions and sentences. *Allred v. State*, 908 So. 3d 889 (Miss. Ct. App. 2005). The mandate of the court, issued on September 6, 2005, reflects that he failed to timely seek discretionary review in state court by filing a petition for rehearing under Miss. R. App. P. 40. *See* Exhibit C. By failing to timely seek the first step of discretionary review, Allred "stopped the appeal process" and was

unable to pursue further direct review in the Mississippi Supreme Court – or review in the United States Supreme Court. *See Roberts v. Cockrell,* 319 F.3d 690, 693 n. 14 (5th Cir. 2003).

Allred's first application for state post-conviction relief challenging his convictions and sentences at issue was signed on January 19, 2007. *See* SCR, Cause No. 2007-M-00116. The application was dismissed in part and denied in part by the Mississippi Supreme Court on March 1, 2007. *See* Exhibit D; *see also* SCR, Cause No. 2007-M-00116. Over 2½ years later, on December 15, 2009, he signed a Motion for Post-Conviction Collateral Relief, which was stamped "filed" in the Mississippi Supreme Court on December 16, 2009. *See* SCR, Cause No. 2007-M-00116. On February 5, 2010, the Mississippi Supreme Court found that "most of the claims raised in the petition are barred. Miss. Code Ann. § 99-39-27." *See* Exhibit E; *see also* SCR, Cause No. 2007-M-00116. The court also concluded that, "[n]otwithstanding the procedural bar, the panel finds those claims to be without merit." *Id.* The state court found, however, that "Allred's request for DNA testing is not facially barred and that a response from the State is necessary on that claim only." *Id.* On April 8, 2010, the Mississippi Supreme Court found the remaining claims related to DNA testing were without merit. *See* Exhibit F; *see also* SCR, Cause No. 2007-M-00116.

Over ten years later, on May 2, 2017, Allred signed a "Motion for Retrial Due to Newly Discovered Evidence," which was stamped as filed in the Mississippi Supreme Court on June 12, 2017. *See* SCR, Cause No. 2017-M-00793. On July 26, 2017, the Mississippi Court dismissed Allred's motion, finding that it was a successive writ, time barred, and the claims presented could have been raised at trial or on direct appeal. *See* Exhibit G; *see also* SCR, Cause No. 2017-M-00793. The court held that "Allred has not presented an arguable basis for his claims

and has not shown that his petition should be excepted from the procedural bars. *See Means v. State*, 43 So. 3d 438 (Miss. 2010)." *See* Exhibit G.

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Allred's convictions became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after his convictions were affirmed on direct appeal. *See* Miss. R. App. P. 40(a) (allowing 14 days to file a petition for rehearing in state court after direct appeal is affirmed). As such, his convictions became final on August 30, 2005 (August 16, 2005 + 14 days). Hence, his

initial deadline for seeking federal *habeas corpus* became August 30, 2006 (August 30, 2005 + 1 year).

Allred's application for leave to seek state post-conviction relief was not signed until January 19, 2007, over three months after the one-year limitations period for seeking federal *habeas corpus* review had expired. As such, he is not entitled to statutory tolling during the pendency of this state post-conviction action. 28 U.S.C. § 2244(d)(2). He is likewise not entitled to tolling during the pendency of his later applications for post-conviction relief.

He argues that he is entitled to equitable tolling of the limitations period because he did not know the law. Doc. 1, p. 13. A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," which prevented timely filing. *See Holland v. Florida,* 130 S.Ct. 2549 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418). The Fifth Circuit has recognized equitable tolling, as well. *See Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d at 810-11. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Equitable tolling is permitted only "in rare and exceptional circumstances." *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Ignorance of the law does not constitute such a rare and exceptional circumstance. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Hence, Allred is not entitled to equitable tolling.

In addition, to benefit from equitable tolling Allred must show that he diligently pursued his federal claims. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *see also Scott v. Johnson*, 227 F.3d at 262; *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). As set forth

above, Allred sat on his rights on three occasions (1½ years, 2½ years, and 6½ years). He did not diligently pursue post-conviction relief in state court, and he cannot avail himself of equitable tolling to render his federal petition timely. His deadline for seeking federal *habeas corpus* thus remained August 30, 2006.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 4, 2018, and the date it was received and stamped as "filed" in the district court on January 11, 2019. Thus, the instant petition was filed over 12 years after the August 30, 2006, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of June, 2019.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**